**STATE FARM FIRE & CASUALTY COMPANY, Plaintiff,**

v.

**YUKIYO, LTD., Sheila Antenucci d/b/a Santa Clara Dental Lab, Sheila Antenucci, and Pia Long, Defendants.**

Civ. No. 94–20248 SW.

United States District Court, N.D. California.

Nov. 10, 1994.

· Robert K. Phillips and Todd A. Angstadt, Bledsoe, Cathcart, Diestel, Livingston & Pedersen, San Francisco, CA, for plaintiff.

Preston P. DuFauchard, Jr., Brobeck, Phleger & Harrison, San Francisco, CA, for

Sheila Antenucci, d/b/a Santa Clara Dental Lab, Sheila Antenucci and Pia Long.

Yukiyo, did not appear.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

SPENCER WILLIAMS, District Judge.

Plaintiff State Farm Insurance Company ("State Farm") brought this action against Sheila Antenucci d/b/a Santa Clara Dental Lab, Sheila Antenucci and Pia Long (referred to collectively as "Santa Clara Dental") seeking a declaratory judgment that it has no duty to defend or indemnify Santa Clara Dental in a patent infringement claim brought against the lab by Yukiyo, Ltd., another defendant in this action. State Farm moves for summary judgment. In addition to opposing the motion, Santa Clara Dental requests a four month stay of this action. Yukiyo, Ltd. filed no opposition to State Farm's motion. For the reasons expressed below, State Farm's motion for summary judgment is GRANTED; and Santa Clara Dental's request for a stay is DENIED.

### BACKGROUND

In 1987, State Farm issued a Comprehensive General Liability insurance policy (No. 97–59–7278–9) to Santa Clara Dental, a dental prosthetics laboratory. In June 1993, Yukiyo contacted Santa Clara Dental and charged it with infringing Yukiyo's patented process for manufacturing porcelain veneers. In response, Santa Clara Dental contacted State Farm to obtain insurance coverage for the claim. While State Farm was evaluating its duty to provide a defense and indemnification, Yukiyo filed a patent infringement action against Santa Clara Dental in this Court. In addition to its claim against Santa Clara Dental, Yukiyo brought separate actions against a number of other dental labs alleging similar infringing activity.

After the Yukiyo action was filed, State Farm retained counsel to represent Santa Clara Dental and other dental laboratories involved in patent infringement litigation with Yukiyo, subject to a reservation of rights. In June 1994, the Judicial Panel on Multidistrict Litigation ordered those actions consolidated before Judge Ware. Last month, Judge Ware appointed lead counsel for all the defendants in the underlying cases, but deferred ruling on defendants' motion for an order certifying a defendant class of dental laboratories. Judge Ware also ordered the dental laboratories to file a motion for summary judgment by January 20, 1995 as to the validity of Yukiyo's patent.

### DISCUSSION

#### I. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears "the initial responsibility of informing the district court of the basis for its motion. . . ." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). To satisfy this burden, the moving party must demonstrate that no genuine issue of material fact exists for trial. *Id.* at 322, 106 S.Ct. at 2552. However, the moving party is not required to *negate* those portions of the nonmoving party's claim on which the nonmoving party bears the burden of proof. *Id.* at 323, 106 S.Ct. at 2553.

Once the moving party demonstrates that there is no genuine issue of material fact, the nonmoving party must designate " 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(e)). The nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552.

As this is a diversity action, the substantive law of California applies. *St. Paul Fire & Marine Ins. Co. v. Weiner,* 606 F.2d 864, 867 (9th Cir.1979). In California, an insurer must furnish a defense if the complaint in the underlying action contains language, or extrinsic facts reasonably available to the insurer at the time of the tenders

for defense, create the potential of liability under its policy. *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275–277, 54 Cal.Rptr. 104, 112–113, 419 P.2d 168, 176–177 (1966); *CNA Casualty of California v. Seaboard Surety Co.*, 176 Cal.App.3d 598, 605, 222 Cal.Rptr. 276, 279 (1986). Questions concerning the scope of coverage must be resolved against the insurer to afford the greatest possible protection to the insured. *State Farm Mutual Auto. Ins. Co. v. Partridge*, 10 Cal.3d 94, 101, 109 Cal.Rptr. 811, 816, 514 P.2d 123, 128 (1973). Where the terms and conditions of an insurance policy constitute the entire agreement between the parties, its interpretation is essentially a question of law, particularly well-suited for summary judgment. *See St. Paul Fire & Marine*, 606 F.2d at 867; *Stearns v. Title Ins. & Trust Co.*, 18 Cal. App.3d 162, 166, 95 Cal.Rptr. 682, 684 (1971).

## II. ANALYSIS

█ State Farm contends that it is entitled to summary judgment because there is no coverage under any of the policy provisions. Santa Clara Dental does not dispute this contention. Rather, it argues that (1) equitable considerations obligate State Farm to provide a defense; (2) State Farm waived its coverage defenses by settling another one of Yukiyo's actions; and (3) the action should be stayed pending Judge Ware's resolution of the defendant laboratories' motion for class certification and motion for summary judgment.

In support of its first two arguments, Santa Clara Dental contends that State Farm had a duty to make reasonable settlement offers and failed to do so, putting Santa Clara Dental in a worse position than it otherwise would have been had State Farm settled the matter soon after receiving notification of the claim. The laboratory also notes that State Farm settled a similar Yukiyo claim against another dental laboratory (the "Watanabe matter") but has chosen to contest coverage for all other claims.

█ Santa Clara Dental's arguments are unpersuasive. An insurer's duty to defend obligates it to negotiate and evaluate settlement offers and to accept a reasonable settlement offer within policy limits if it is likely that judgment against the insured will exceed policy limits. *Johansen v. California State Auto. Ass'n Inter–Ins. Bureau*, 15 Cal.3d 9, 16, 123 Cal.Rptr. 288, 292, 538 P.2d 744, 748 (1975); *Travelers Ins. Co. v. Lesher*, 187 Cal.App.3d 169, 188, 231 Cal.Rptr. 791, 799 (1986). A coverage dispute between the insurer and the insured does not affect these duties. *Johansen*, 15 Cal.3d at 16, 123 Cal. Rptr. at 292–293, 538 P.2d at 748–749; *Travelers*, 187 Cal.App.3d at 188, 231 Cal.Rptr. at 799. Santa Clara Dental offers no evidence that State Farm failed to carry out these duties. Furthermore, nothing in the record suggests that State Farm unreasonably refused an offer by Yukiyo to settle the Santa Clara Dental claim. Given that all discovery in the Yukiyo action was stayed pending resolution of the class certification issues, *see* Declaration of Preston DuFauchard, Jr., Ex. H, ¶ 6, it is difficult to imagine how State Farm was ever in a position to reasonably evaluate settlement offers. Finally, Santa Clara Dental points to no evidence suggesting a likelihood that judgment against the laboratory will exceed coverage limits in the policy.

The Court recognizes that the legal fees State Farm incurred in evaluating its duty to Santa Clara Dental may have exceeded the amount that Yukiyo was willing to accept to settle its claim against the laboratory. However, adopting Santa Clara Dental's argument in this regard would require an insurer to forego its right to contest coverage whenever a claim against its insured was small. The laboratory offers no rationale, and the Court is aware of none, that supports such a rule.

█ Santa Clara Dental's argument that State Farm waived its right to contest coverage by providing a defense and indemnity in the Watanabe matter is similarly unavailing. An insured's contention that an insurer has waived its right to contest coverage by defending the suit implicates the doctrines of waiver and estoppel. *See Insurance Co. of the West v. Haralambos Beverage Co.*, 195 Cal.App.3d 1308, 1320–1321, 241 Cal.Rptr. 427, 432–433 (1987) (quoting *Val's Painting & Drywall, Inc. v. Allstate Ins. Co.*, 53 Cal. App.3d 576, 586–587, 126 Cal.Rptr. 267, 273

(1975)). Ordinarily, "estoppel cannot be used to create coverage under an insurance policy where coverage did not originally exist." *Id.* at 1319, 241 Cal.Rptr. at 432 (quoting *Miller v. Elite Ins. Co.*, 100 Cal.App.3d 739, 755, 161 Cal.Rptr. 322, 330 (1980)). However, if the insurer provides an unconditional defense to the action without a reservation of rights, it is deemed a waiver of the policy terms, estopping the insurer from asserting such grounds to escape coverage. *Id.* The burden of proving waiver and estoppel rests with the insured. *Id.* at 1320–1321, 241 Cal.Rptr. at 433. To establish an estoppel, the insured must prove the following four elements:

> (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.

*Id.* at 1321, 241 Cal.Rptr. at 433, (quoting *Gaunt v. Prudential Ins. Co.*, 255 Cal.App.2d 18, 23, 62 Cal.Rptr. 624, 627 (1967)). To establish a waiver, the insured must prove that the insurer (1) intentionally relinquished a known right or (2) engaged in conduct which is "so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been waived." *Id.*

It is undisputed that State Farm retained counsel for Santa Clara Dental subject to a reservation of rights and never indicated that it would provide unconditional coverage. Thus, this action does not fall under the exception to the rule that estoppel cannot create coverage where none existed before.

Even if this case fell within the exception, Santa Clara Dental has not offered evidence to satisfy all four of the elements listed above. In particular, there is no evidence that State Farm intended Santa Clara Dental to act on its decision to provide a defense and indemnity in the Watanabe matter, nor did that decision give Santa Clara a right to believe that it could act on that decision. Indeed, State Farm informed Santa Clara Dental that the Watanabe matter was settled for the sole reason that State Farm failed to reserve its rights due to an inadvertent clerical error. Phillips Decl., ¶4. Thus, Santa Clara Dental cannot satisfy the second element. Having been advised of this information also precludes Santa Clara Dental from satisfying the third element since it was not ignorant of the true state of facts.

For the same reasons, State Farm's conduct does not constitute a waiver.

Finally, Santa Clara Dental has not offered a compelling reason for a stay. Judge Ware's resolution of certain issues may or may not render this action moot. However, Santa Clara Dental points to nothing in those motions that could change this Court's analysis of State Farm's obligation under the policy. Therefore, it is appropriate to resolve State Farm's motion now.

## CONCLUSION

In light of the foregoing, State Farm's motion for summary judgment is GRANTED and Santa Clara Dental's request for a stay is DENIED.

The Clerk of the Court shall close this case.

IT IS SO ORDERED.