John F. Walter, UNITED STATES DISTRICT JUDGE
I. INTRODUCTION
This is an insurance coverage dispute filed by Secard Pools, Inc. and its key officers, Joe and Edmond Secard ("SECARD PARTIES") against Kinsale Insurance Company ("KINSALE") arising from KINSALE's denial of coverage for a suit by Solar Sun Rings ("SSR") alleging Claims For Relief for trademark and trade dress infringement, false designation of origin, false advertising and unfair competition under Federal and California law (the "SSR Action"). Plaintiffs' First Amended Complaint against KINSALE ("FAC") (Dkt. 1-4) asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing. KINSALE contends that the KINSALE Commercial General Liability Insurance Policy at issue contains a comprehensive Intellectual Property Exclusion (the "IP Exclusion") which clearly and unambiguously precludes coverage for the entire SSR ACTION.
The Court finds that based on the admissible evidence presented, there never was even the potential coverage for the SSR Action. The SSR Action alleges statutory and common law trademark and trade dress infringement and dilution of trademark, all of which are Intellectual Property torts. It also alleges statutory and common law false advertising and unfair competition under the Lanham Act and its California equivalent. KINSALE's IP Exclusion expressly applies to all of these claims, broadly eliminating from coverage (1) "infringement of ... trademark, service mark ... slogan, trade dress, trade secret or other intellectual property *1150 rights," (2) "false advertising, false designation of origin, product disparagement, trade libel, or other causes of action arising out of unfair competition"; and (3) "violations of the Lanham Act or other unfair competition statutes." Because the IP Exclusion eliminated even the potential for coverage, there was no duty to defend. Since there was no duty to defend, there was no breach of KINSALE's insurance contract, and no breach of the implied covenant. KINSALE is therefore entitled to Judgment in its favor as a matter of law. The Court therefore GRANTS KINSALE's Motion for Summary Judgment and DENIES the SECARD PARTIES Motion for Summary Judgment as moot.
II. FACTS
On November 21, 2014, SSR sued the SECARD PARTIES in Solar Sun Rings, Inc. v. Secard Pools et al. , USDC Central District of Cal. Case No. 5:14-cv-02417 ("SSR Action"), filed in this Court. KINSALE's Statement of Uncontroverted Facts ("SUF") No. 1. The Complaint in the SSR Action alleged the following Claims for Relief: (1) Federal Trademark Infringement ( 15 U.S.C. § 1114(1) ); (2) Federal Trade Dress Infringement ( 15 U.S.C. § 1125(a) ); (3) False Designation of Origin/False Advertising/Unfair Competition ( 15 U.S.C. § 1125(a)(1)(A) ); (4) Federal Trademark Dilution ( 15 U.S.C. § 1125(c) ); (5) Trademark Infringement and Unfair Competition (Common Law and California State Law); and (6) Unfair Business Practices ( California Business & Professions Code § 17200 ). SUF Nos. 13-18.
KINSALE issued Commercial General Liability Insurance Policy No. 0100022495-0 to Secard Pools, effective August 28, 2014 to August 28, 2015 (the "KINSALE POLICY"). (SUF No. 20). It included coverage for "Bodily injury and Property damage Liability" (Coverage A) and "Personal and advertising injury Liability" (Coverage B) on a "Claims Made" basis. The SECARD PARTIES have not challenged KINSALE's conclusion that coverage for the Claims in the SSR Action would have existed, if at all, only under Coverage B. SUF No. 21. Under Coverage B, KINSALE promised to "pay those sums that the insured is legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies." SUF No. 22. The Policy affords KINSALE the right and duty to defend, but no duty to defend a suit to which the Policy does not apply. SUF No. 23.
The KINSALE POLICY defines "Personal and advertising injury" as follows:
14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
* * *
f. The use of another's advertising idea in your "advertisement"; or
g. Infringing upon another's copyright, trade dress or slogan in your "advertisement." (SUF No. 24).
While the basic Policy form had an exclusion (Exclusion i ) for infringement of copyright, patent, trademark or trade secrets, with an exception for some advertisements,[1] that exclusion was replaced by endorsement with a broader IP Exclusion entitled "EXCLUSION -INTELLECTUAL PROPERTY" which provides:
*1151 "This insurance does not apply to any claim or 'suit' arising out of any:
1. actual or alleged infringement of copyright, patent, trademark, service mark, right of publicity, slogan, trade dress, trade secret or other intellectual property rights;
2. actual or alleged false advertising, false designation of origin, product disparagement, trade libel, or other Claims for Relief arising out of unfair competition; or
3. products or goods manufactured, sold, handled or distributed or work completed by the insured or others operating under the direction or control of the insured in violation of any law, statute or ordinance of any federal, state or municipal government, or any agencies thereof, including violations of the Lanham Act or other unfair competition statutes." (SUF 27-28).
The SECARD PARTIES tendered their defense to KINSALE on December 1, 2014. SUF No. 29. On December 4, 2014, KINSALE wrote to the SECARD PARTIES and informed them that, based primarily on the IP Exclusion, there was no coverage for the SSR Action under the KINSALE POLICY. SUF No. 30-31.
III. JUDICIAL STANDARD
Summary judgment is proper if the court determines that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(a). A moving party may prove the lack of a genuine dispute by (a) citing to the record, pleadings, depositions, documents, electronically stored information, answers to interrogatories, and admissions, together with the declarations and stipulations submitted by the parties, or other materials, or (b) showing that the materials cited in a motion for summary judgment do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c).
The moving party has the burden of demonstrating the absence of a genuine factual dispute. Celotex Corp. v. Catrett , 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To establish the absence of a triable issue as to an affirmative defense, the moving party must establish each element of the affirmative defense. Southern Calif. Gas Co. v. City of Santa Ana , 336 F.3d 885, 888 (9th Cir. 2003). Once that burden is met, however, the nonmoving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ; see Fed.R.Civ.P. 56(e). A genuine issue is raised if, based on the nonmoving party's proffered evidence, a reasonable jury could return a verdict for the nonmoving party. Anderson, supra , 477 U.S. at 248, 106 S.Ct. 2505.
IV. DISCUSSION
A. The IP Exclusion Precludes Coverage for the SSR Action.
In interpreting an insurance policy, the Court first looks to the language of the policy itself. The "clear and explicit meaning" of the provisions "interpreted in their ordinary and popular sense ... controls judicial interpretation unless [the disputed terms are] used by the parties in a technical sense, or unless a special meaning is given to them by usage." See Montrose Chem. Corp. v. Admiral Ins. Co. , 10 Cal.4th 645, 666, 42 Cal.Rptr.2d 324, 913 P.2d 878 (1995). "If the meaning a layperson would ascribe to the language of a contract of insurance is clear and unambiguous, a court will apply that meaning." Id. at 666-67, 42 Cal.Rptr.2d 324, 913 P.2d 878.
*1152 "[I]f the disputed terms are ambiguous, a court must attempt to resolve the ambiguity by adopting the meaning that reflects the objectively reasonable expectations of the insured." Flintkote Co. v. Gen. Acc. Assur. Co. , 410 F.Supp.2d 875, 881 (N.D. Cal. 2006). "[I]f the court is unable to determine the objective expectations of the insured, the ambiguity is resolved against the insurer." Id. at 882. Where, as here, the facts are not disputed, the application of an unambiguous exclusion by the Court is a pure question of law. See State Farm Fire & Cas. Co. v. Yukiyo, Ltd. , 870 F.Supp. 292, 294 (N.D. Cal. 1994) ("Where the terms and conditions of an insurance policy constitute the entire agreement between the parties, its interpretation is essentially a question of law, particularly well-suited for summary judgment.")
The only aspects of the Insuring Agreement under Coverage B even potentially implicated by the Secard Action are found in definitions 14.f and 14.g. The only Claim for Relief in the SSR Action that directly falls within these definitions is the Second Claim for Relief for Federal Trade Dress Infringement. There is no separate, express coverage grant for "False Advertising." SSR's other claims fall within the Insuring Agreement only to the extent that they can be described as "the use of another's advertising idea in your 'advertisement.' " However, the IP Exclusion expressly removes each of these risks from coverage under the KINSALE POLICY.
In the KINSALE Policy, the standard IP Exclusion (Exclusion i ) was replaced by an endorsement with a more expansive exclusion, titled "Exclusion-Intellectual Property" (the "IP Exclusion"). Prong 1. of the IP Exclusion therefore expands Exclusion i and eliminates the exceptions for most advertising injuries, removing definition 14.g. under "Personal and advertising injury" from coverage entirely. Prong 2. of the IP Exclusion goes on to expressly remove from coverage claims arising out of "false advertising, false designation of origin, product disparagement, trade libel or other [Claims for Relief] arising out of unfair competition," eliminating any vestige of "Personal and advertising injury" to the extent it might otherwise be covered under definition 14.f ("The use of another's advertising idea in your 'advertisement' "). Prong 3. precludes coverage for products which violate the Lanham Act or "other unfair competition statutes."
Citing this endorsement, KINSALE correctly concluded in its December 4, 2014 letter that the KINSALE Policy excluded all of the Claims for Relief in the SSR Action because all of the allegations arose out of alleged trademark violations, false advertising, violation of the Lanham Act, and unfair business practices. Each of the first five Claims for Relief in the SSR Action falls under the IP Exclusion, which reaches infringement of trademark, trade dress, service mark, "other intellectual property rights," false designation of origin, product disparagement, trade libel, false advertising or other Claims for Relief arising out of unfair competition and violations of the Lanham Act. The Sixth Claim for Relief, for unfair business practices under Bus. & Profs. Code § 17200 et seq. simply incorporates the preceding claims, and therefore is excluded as well. Further, this claim is pled as a violation of Bus. & Profs. Code § 17200 et seq. , which, in the context of the SSR Action, includes Bus. & Profs. Code § 17500, which expressly proscribes "false or misleading advertising" in California, just like the Lanham Act. It also "arises out of" the other claims pled by SSR which are clearly excluded by the IP Exclusion. See Infinity Micro Computer, Inc. v. Continental Cas. Co. , 2016 WL 5661755, 2016 U.S. Dist. LEXIS 134957 (C.D. Cal. Sept. 29, 2016) (applying "arising out of" language in ISO Intellectual Property Exclusion).
*1153 B. None of the Secard Parties' Theories for Avoiding the IP Exclusion Withstands Scrutiny.
1. The KINSALE Policy is Not Ambiguous.
The SECARD PARTIES posit that because the Complaint in the SSR Action contains a few allegations about "misleading" advertisements as well as "false" advertisements, the lack of reference to "misleading" advertisements in the IP Exclusion must means that there is an exception to the exclusion for "misleading," as opposed to "false," advertising. But there is no express coverage grant for the tort of "False Advertising," whether pled under the Lanham Act or common law. Rather, the only coverage that even arguably applies to "False Advertising" is found at definition 14.f, for "the use of another's advertising idea in your 'advertisement.' " The very essence of the second prong of the IP Exclusion is to eliminate coverage for various business torts falling within the rubric of "false advertising," both under Federal (e.g. the Lanham Act) and State (e.g. Bus. & Profs. Code § 17200 et seq. ) law.
The IP Exclusion's use of the term "false advertising" rather than "false or misleading advertising" does not lend itself to an ambiguity. The term "false advertising" under both the Lanham Act and California's statutory prohibition on "false advertising" (see Bus. & Profs. Code § 17500) includes both false and misleading advertising. The Court finds that the IP Exclusion's broad reference to "false advertising" unambiguously refers to both "false" and "misleading" advertising as those terms are used under Federal and California statutory and common law.
The Court notes that the IP Exclusion precludes coverage not only for "false advertising" but also claims arising out of "false advertising." Under both California state and Federal law, use of the words "arising out of" in an exclusion are meant to broaden it. Davis v. Farmers Ins. Group, 134 Cal.App.4th 100, 107, 35 Cal.Rptr.3d 738 (2005) (as used in exclusion, " '[a]rising out of' are words of much broader significance than 'caused by.' They are ordinarily understood to mean 'originating from[,]' 'having its origin in,' 'growing out of' or 'flowing from' or in short, 'incident to,' or having connection with"); Smith Kandal Real Estate v. Continental Cas. Co., 67 Cal.App.4th 406, 419, 79 Cal.Rptr.2d 52 (1998) ("arising out of" clause in policy exclusion has "broader significance and connot[es] more than causation"); Acceptance Ins. Co. v. Syufy Enters. , 69 Cal.App.4th 321, 328, 81 Cal.Rptr.2d 557 (1999) (use of the words "arising out of" broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship); Infinity Micro Computer, Inc. v. Continental Cas. Co. , 2016 WL 5661755, 2016 U.S. Dist. LEXIS 134957 (C.D. Cal. Sept. 29, 2016) (Pregerson, J.). The Court finds that "misleading" advertising is at least a subset of "false" advertising, and therefore that the IP Exclusion, which precludes coverage for claims "arising out of" false advertising, is broad enough to encompass "misleading" advertising as well.
2. The IP Exclusion Does Not Render Coverage "Illusory."
In order for Plaintiffs to overcome the IP Exclusion on the basis that it renders the Policy "illusory," the exclusion must result in a complete lack of any policy coverage. Young v. Illinois Union Ins. Co. , 2008 WL 5234052, 2008 U.S. Dist. LEXIS 101029 (N.D. Cal. 2008) ("In order for a policy to be deemed illusory, it must afford no coverage whatsoever.") Thus, the mere possibility of some coverage is enough. That is sufficient to defeat Plaintiffs' argument. While the IP Exclusion *1154 eliminates coverage under definitions 14f. and 14g., that does not exclude all coverage under Coverage B, because it leaves intact various "advertising injury" offenses found under other subparagraphs of the definition of "Personal and advertising liability." For example, definition 14.d would cover a defamatory remark made by the SECARD PARTIES about a person in an "advertisement." The fact that the SSR Action is not covered does not make coverage illusory. Therefore, Plaintiffs have not met their burden.
3. Prong 3 Broadly Eliminates All Lanham Act Claims.
Paragraph 3 of the IP Exclusion states:
This insurance does not apply to any claim or "suit" arising out of any:
3. Products or goods manufactured, sold, handled or distributed or work completed by the insured or others operating under the direction or control of the insured in violation of any law, statute or ordinance of any federal, state or municipal government, or any agencies thereof, including violations of the Lanham Act or other unfair competition statutes. (SUF 28).
The exclusion thus broadly applies to any manufacture sale, handling or distribution of products or goods where the insured is in violation of the Lanham Act, and to any "work completed" where there is such a violation. Again, it uses the "arising out of" language which courts routinely hold is meant to broaden , and not limit, the exclusion.
Prong 3 directly applies to the SSR Action. SSR's "False Advertising" claims (see SSR Complaint ¶¶ 148-174) all arise out of the SECARD PARTIES' manufacture and promotion of products bearing confusingly similar trademarks and trade dress. The SECARD PARTIES' "advertisement" merely relates to the use of the offending marks, color scheme and trade dress on the products themselves and as displayed on various websites. It is the infringing products themselves, and not the "advertisement," that SSR complains of. The acts complained of are markings that appear on the product/packaging that fall directly within the purview of the IP Exclusion. Infinity Micro Computer, Inc. v. Continental Cas. Co. , 2016 WL 5661755, 2016 U.S. Dist. LEXIS 134957 (C.D. Cal. Sept. 29, 2016) is particularly instructive. Infinity interpreted the standard IP Exclusion i (which precludes coverage for " 'Personal and advertising injury' arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights") and applied it to a "false advertising" claim by Cisco, who asserted that Infinity's display of Cisco's Reseller Certified logos on Infinity's website and "advertising as a Cisco partner" was "false and misleading" and constituted "false advertising" under the Lanham Act. In granting Summary Judgment for the insurer, the court held that such conduct did not even fall within the coverage grant under definition 14.g ("the use of another's advertising idea in your 'advertisement.") In addition, the Court went on to apply Exclusion i and determined that because the "false advertising" claim arose from the alleged violation of Cisco's trademark, even if it fell within definition 14.g, it was excluded.
Here, the Court has at its disposal an even broader IP Exclusion which expressly precludes all violations of the Lanham Act "arising from" "products or goods manufactured, sold, handled or distributed or work completed by the insured." There are no allegations of "false advertising" which could exist independent of the use of SSR's mark and trade dress on SECARD's Solar Sun Squares product itself. The IP Exclusion *1155 therefore applies to eliminate all of SSR's Lanham Act claims.
C. Lack of Coverage Entitles KINSALE to Summary Judgment.
Where, as here, an unambiguous exclusion conclusively applies to eliminate even the possibility of coverage, an insurer does not breach its contract by refusing to defend. See National Auto. & Cas. Ins. Co. v. Stewart , 223 Cal.App.3d 452, 463, 272 Cal.Rptr. 625 (1990) (insurer may refuse to defend where undisputed facts conclusively show liability would be excluded under the policy). Likewise, where there is no breach of the contract, there can be no breach of the implied covenant. See Waller v. Truck Ins. Exchange , 11 Cal.4th 1, 36, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995) (no bad faith claim if no policy benefits are due); Minich v. Allstate Ins. Co. , 193 Cal.App.4th 477, 493, 122 Cal.Rptr.3d 769 (2011). As the Court has determined there was no breach of KINSALE's insurance contract, KINSALE is entitled to Summary Judgment on both the First and Second Claims for Relief.
III. CONCLUSION
This case presents the generic application of a straightforward IP Exclusion to a trademark case. The exclusion unambiguously applies to all intellectual property exposures and all "unfair competition" claims arising therefrom. Based upon the uncontroverted facts presented in KINSALE's motion, all of which are established (SUF Nos 1-32). KINSALE has met its burden to show that the IP Exclusion is clear, conspicuous and plain, and that the plain meaning of the IP Exclusion precludes insurance coverage for the underlying SSR Action. The SECARD PARTIES have not met their burden to show that the IP Exclusion is capable of more than one meaning, or that the meaning they ascribe to it comports with the objectively reasonable expectations of an insured under the KINSALE Policy. Accordingly, the Court finds that there are no genuine issues of material fact to be adjudicated at trial and therefore GRANTS KINSALE's Motion for Summary Judgment. The Court denies the SECARD PARTIES Motion for Summary Judgment as moot.

The original Exclusion i excluded " 'Personal and advertising injury' arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. However, this exclusion does not apply to infringement, in your 'advertisement,' of copyright trade dress or slogan." SUF No. 26.